

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CITIGROUP INCORPORATED, ) <br> DINERS CLUB INTERNATIONAL ) <br> LIMITED, ) <br> ) <br> Plaintiffs, ) <br> v.                                 ) <br> ) <br> ) <br> NARESH MALIK a/k/a NICK M., ) <br> et al., ) <br> ) <br> Defendants.             ) <br> _____) | Civil Action No. 1:07cv1168 |

## ORDER

This matter comes before the Court on the Report and Recommendation of the Magistrate Judge dated February 18, 2009. Defendants have not filed any objections to the Report and Recommendation. Based on a _de novo_ review of the evidence in this case, the Court adopts the findings and recommendation of the Magistrate Judge. And it is hereby,

ORDERED that default judgment is entered for plaintiffs with respect to defaulting defendants Monga and Lead Networks for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

It is further ORDERED that Verisign, as the registrar, is directed to transfer registration of Infringing Domain Names <wwwdinersclubus.com>, <wwwcitibankonline.com>, and <citifin.com> to plaintiffs, pursuant to 15 U.S.C. § 1125(d)(1)(C).

It is further ORDERED that the defaulting defendants and their respective agents, representatives, servants, employees, attorneys, officers, directors, shareholders, licensees, affiliates, joint venturers, parents, subsidiaries, related corporations and all others in privity or acting in concert with them be permanently enjoined from:

(a) Using, linking to, transferring, selling, exercising control over, or otherwise owning Infringing Domain Names <wwwdinersclubus.com>, <wwwcitibankonline.com>, and <citifin.com> or any other domain name or trademark or severice mark that incorporates, in whole or in part, plaintiffs' Marks;

(b) Using false representations or descriptions in commerce or suing false designations of origin that are likely to cause confusion, or to cause mistake, as to deceive as to the affiliation, connection, or association of defaulting defendants with plaintiffs, or as to the origin, sponsorship, or approval of defaulting defendants' services by plaintiffs;

(c) Otherwise infringing plaintiffs' Marks; and

(d) Unfairly competing with plaintiffs or otherwise injuring their business reputation in any manner.

Finally, the Court will reserve judgment regarding plaintiffs' request in the instant Motion for statutory damages

and reasonable attorney's fees until these issues can be addressed with respect to all of the served defendants.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
March 24, 2009